# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 228 | **DATE** | 10/10/2000 |
| **CASE TITLE** | JAMES MASON vs. FIELDSTONE MORTGAGE, ETAL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motions (28-1 and 30-1) to dismiss are granted/denied in part. Counts III and IV are dismissed against defendants Fieldstone and Household.**

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 20 2000 | |
| | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 OCT 19 PM 5:21 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAMES MASON,

    Plaintiff,

v.

FIELDSTONE MORTGAGE COMPANY,
MDR MORTGAGE BROKERS,
HOUSEHOLD FINANCIAL SERVICES,
INC., and NEW LOOK HOME SERVICES,
INC.,

    Defendants.

No. 00 C 0228
Judge James B. Zagel

DOCKETED
OCT 2 0 2000

## MEMORANDUM OPINION AND ORDER

In classic "Tin Men" fashion, defendants New Look Home Services and MDR Mortgage Brokers conned Clarice Mason into having repairs done on her home and financing those repairs through a loan from defendant Fieldstone Mortgage. The $70,000 loan put a 30-year mortgage on a home that was free and clear of liens. New Look received $35,000 of the loan proceeds but failed to perform many of the repairs. MDR received a $6,000 broker fee. Mrs. Mason died and now Mr. Mason, the plaintiff, is stuck with the mortgage. Defendant Household Financial holds the note.

Fieldstone and Household move to dismiss Counts II, III, IV, X and XI of plaintiff's amended complaint (only Household moves to dismiss Count XI). Fed. R. Civ. P. 12(b)(6). These counts are all attempts by Mason to plead theories of liability to hook the financial institutions for the unscrupulous conduct of New Look and MDR.[1]

Count III is a claim for unfair and deceptive practices brought pursuant to 815 ILCS 505/1

---

[1] Needless to say, I accept plaintiff's well-pleaded allegations as true and draw all reasonable inferences in his favor.

1

*et seq.* I previously dismissed this claim against Fieldstone and Household because Mason did not plead any facts to suggest that New Look and MDR were Fieldstone's agents, thereby making Fieldstone liable for their conduct. This amended complaint is no different; indeed, Mason agrees that Count III does not state a claim against Fieldstone and Household. He consents to the dismissal of this count against the lenders, and I will do so without prejudice. If discovery reveals facts that suggest that New Look and MDR were Fieldstone's agents, Mason may replead this consumer fraud act claim.

Count II is a common law fraud claim asserted against Fieldstone (and Household as assignee of the note) for accepting the fruits of New Look and MDR's fraud. *See Terrell v. Childers*, 920 F.Supp. 854, 866 (N.D. Ill. 1996) (under Illinois law, a person who knowingly accepts the fruits of fraudulent conduct is also guilty of that fraud) (citing cases). Fieldstone says Mason's conclusory allegation that Fieldstone "knew of the fraud, but nonetheless funded the loan" is insufficient to plead the requisite mental state. However, Fed. R. Civ. P. 9(b) states "malice, intent, knowledge and other condition of mind of a person may be averred generally." Additional facts are not necessary at this stage, and read in context, I find the complaint adequately states that Fieldstone knew what New Look and MDR were up to (the time and place of New Look and MDR's conduct are specifically alleged) and benefitted from that conduct by funding the loan. In the end, either Fieldstone knew or it didn't, and I cannot say there are no set facts that may establish Fieldstone's knowledge, and in turn, state a claim. This is enough to state a "fruit of the fraud" claim.

Household says it cannot be liable for Count II since it is a holder in due course. The complaint invokes 15 U.S.C. § 1641(d)(1) which says any person who purchases a high-cost mortgage shall be subject to all claims and defenses with respect to that mortgage that the consumer

2

could assert against the original lender of the mortgage. The plain language of this statute eliminates the traditional holder in due course defense. *Vandenbroeck v. ContiMortgage Corp.*, 53 F.Supp.2d 965, 968 (W.D. Mich. 1999). To get around the statute, Household says Count II is not a claim "with respect to" the mortgage. I find that it is. Mason says Fieldstone knowingly funded a mortgage procured by fraud. I find that to be sufficiently related to the mortgage to implicate the statute. Count II survives against both defendants.

Count IV alleges that Fieldstone conspired with New Look and MDR to violate the Consumer Fraud Act. 815 ILCS 505/1 *et seq*. Although Mason agrees to dismiss Count III against Fieldstone and Household, that fraud, as perpetrated by New Look and MDR, may still constitute the underlying unlawful act for a conspiracy claim. However, under Illinois law, mere knowledge of the fraudulent actions of another is not enough to show a conspiracy; a defendant must understand the general objectives of the scheme, accept them and agree to do its part to further those objectives. *McClure v. Owens Corning Fiberglas Corporation*, 188 Ill.2d 102, 134 (1999). Thus, Fieldstone must have agreed to further New Look and MDR's fraudulent objectives. No such agreement is alleged here. At most, the complaint alleges that Fieldstone knew that New Look and MDR defrauded Mason, and Fieldstone knowingly accepted the benefits of that fraud. That is not a conspiracy, it is fraud (hence Count II). The complaint says there is an agreement to steer customers to Fieldstone; there is nothing unlawful about that, and Mason does not allege that Fieldstone agreed to use unlawful means to achieve that purpose. Thus, Mason fails to allege an agreement, a necessary element of the tort of conspiracy, and I dismiss Count IV.

Count X alleges that Fieldstone's Truth In Lending Act violations (Counts VIII and IX, 15 U.S.C. §§ 1638, 1639) also violate the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq*. Mason

says Fieldstone failed to make accurate and timely disclosures regarding the amount financed, the annual percentage rate, and the consequences of the mortgage; that these failures were material; and they induced the Masons to enter into the loan. Mason does not allege how such inducement occurred, and, as Fieldstone points out, the complaint says the Masons did not read the loan documents. At this stage of the proceedings, however, I think it reasonable to infer that the omitted disclosures were material to the Masons -- they relied on an incomplete picture of the deal before entering into the loan. For example, the complaint alleges that Mrs. Mason signed the loan documents because she believed she had no choice. Thus, it is reasonable to infer that the disclosure required by 15 U.S.C. § 1639(a)(1)(A) -- "you are not required to complete this agreement merely because you have received these disclosures or have signed a loan application" -- was a material omission upon which Mrs. Mason relied.

Rule 9(b) applies, but I find the totality of the complaint and the specific allegations concerning the TILA disclosures sufficient to put Fieldstone on notice as to the gravamen of the fraud alleged in this count -- the who, what, when and where of the fraud are clear enough. Therefore, I find that Count X states a claim against Fieldstone and, pursuant to 15 U.S.C. § 1641(d)(1), against Household.

I previously dismissed Mason's unconscionability claim against Household, and Household asks that I do so again. As I read the amended complaint, however, plaintiff invokes 15 U.S.C. § 1641(d)(1) to hold Household liable to the extent he asserts claims against Fieldstone. Since the unconscionability claim is a claim with respect to the very terms of the mortgage and is a claim which alleges Fieldstone participated in the unconscionable transaction, I find that the claim can proceed against Household. 15 U.S.C. § 1641(d)(1).

4

## CONCLUSION

The motions to dismiss [28-1] and [30-1] are granted in part/denied in part. Counts III and IV are dismissed against Fieldstone and Household. Counts II, X and XI survive.

ENTER:

James B. Zagel
United States District Judge

DATE: 10 Oct 2000

5